## PROVISIONAL ORDER NO. 11
## (As Modified).

Supreme Court of Rhode Island.

Oct. 30, 1979.

Edwards & Angell, James J. Skeffington, George W. Shuster, William P. Robinson, III, Providence, for petitioner, Rhode Island Broadcasters Association.

Letts, Quinn & Licht, Daniel J. Murray, Richard A. Licht, Providence, for Amicus Curiae, Rhode Island Bar Association.

The Supreme Court of the State of Rhode Island and Providence Plantations, pursuant to the provisions of G.L.1956, § 8–6–2, does hereby modify as follows its Provisional Order No. 11 published on January 12, 1978 to become effective on the 26th day of October A.D.1979, and to remain and continue in effect thereafter until altered or revoked by further order:

## PROVISIONAL ORDER NO. 11
## (AS MODIFIED)

Pending revision of appropriate sections of the Code of Professional Responsibility, as required by the decision of the United States Supreme Court in *Bates and O'Steen v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), it is ordered that the following Temporary Guidelines be followed by any member of the Rhode Island Bar who elects to advertise;

1. The only permissible media for advertisements are: newspapers, periodicals, the yellow pages of the telephone directories, radio and television.

2. "In-person solicitation of clients" through personal contact, by mail, or otherwise, shall not be conducted.

3. The prices at which the following routine services will be performed may be advertised:

Uncontested divorces
Simple adoptions
Uncontested personal bankruptcies
Change of name
Simple residential deeds
Residential purchase and sale agreements
Residential leases
Residential mortgages and notes
Powers of attorney
Individual income tax returns
Simple wills
Bills of sale
Collections
Charge for an initial conference with a client

After a statement of fixed fees for services, it would be appropriate to state that "Information regarding other types of cases will be furnished upon request:

*The following should be carefully noted if fixed fees for services are advertised :*

If there may be any deviation from fixed fees as advertised, the advertisement must contain a disclaimer indicating that in some circumstances a fee may exceed the advertised amount, so that the potential client may not be misled. If advertised fixed fees are to be exceeded in a particular case, it is suggested that a specific written agreement with the client would be appropriate.

No fixed fee should be quoted if it cannot reasonably be expected to apply in a majority of cases.

4. No claims shall be made concerning the *quality* of services to be performed.

5. No claims of expertise or specialization in any particular field or area of the law shall be made.

6. The type of work which a lawyer or firm does *not* wish to undertake may be specified. The type of work which a lawyer does wish to undertake may only be specified as authorized by paragraph 3.

7. No photographs, design work or logos shall be used in advertisements.

8. No biographical data shall be included nor the fact that a part-time judge serves in such capacity.

9. Advertisements may include information concerning the opening of a new office, the change of address or location of an office and the acquisition of new associates or partners.

10. If the advertisement is communicated by radio or television, it shall be prere-

corded and shall be approved for broadcast by the lawyer or law firm sponsoring it; and said lawyer or law firm shall retain a copy of the actual transmission for at least six (6) months.

11. Advertisements over the electronic broadcast media shall contain no dramatizations, music or lyrics and shall consist solely of a prepared text, consistent with the Order, read by a professional announcer in a dignified manner.

Television commercials shall consist solely of a slide presentation, consistent with the Order, accompanied by dignified announcements, read by a professional announcer off-camera. Electronic media advertising shall contain only information appropriate for the print media. Under no circumstances shall any lawyer personally appear on the broadcast media in connection with any commercial advertising.